```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
           SOUTH BEND DIVISION
```

```
SHELLY GOINS,                )
                             )
Plaintiff,                   )
                             )
vs.                          )    CAUSE NO. 3:07-CV-633
                             )
WERNER ENTERPRISES,          )
INC., et al.,                )
                             )
Defendants.                  )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion for Summary Judgment (DE #16), filed jointly by Defendants Werner Enterprises, Inc. and Drivers Management, LLC, on June 16, 2008; and (2) Motion for Oral Arguments as to Defendants' Motion for Summary Judgment (DE #33), filed by Plaintiff Shelly Goins, on October 14, 2008. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED** as to Werner Enterprises, Inc. and Drivers Management LLC, and the Motion for Oral Arguments as to Defendants' Motion for Summary Judgment is **DENIED**.

BACKGROUND

Plaintiff, Shelly Goins ("Goins"), filed this civil action against Defendants, Werner Enterprises, Inc. ("Werner"), Drivers Management, LLC ("Drivers Management"), Nesbett Johnson

("Johnson"), and Henri J. Larkin ("Larkin"), on December 26, 2007. In Count One of her complaint, Goins alleges that Werner and Drivers Management were negligent in the hiring, retention, training, and supervision of Johnson which resulted in the rape and sexual assault of Goins by Johnson and Larkin. In Count Two of her complaint, Goins contends that Johnson and Larkin are individually liable for assault, battery, and false imprisonment arising out of the alleged rape and sexual assault, and she further contends that Werner and Drivers Management are liable under the theory of *respondeat superior* for those same actions and injuries. Finally, in Count Three of her complaint, Goins asserts that the rape and sexual assault perpetuated by Johnson and Larkin constitute intentional infliction of emotional distress for which Johnson and Larkin are individually responsible, and for which Werner and Drivers Management are also responsible under the theory of *respondeat superior*.

On June 16, 2008, Werner and Drivers Management jointly filed the instant Motion for Summary Judgment (DE #16), arguing that the Court should grant summary judgment in their favor on all three counts of Goins' complaint because the Nebraska Workers' Compensation Act (the "Act") provides the sole and exclusive remedy for all of Goins' alleged injuries. It is also argued that summary judgment should be granted in favor of Werner because Werner never employed defendants Johnson or Larkin, and, therefore, cannot be held liable under a theory of *respondeat superior*. Finally, it is

argued that the Court should grant summary judgment in favor of both Werner and Drivers Management because Drivers Management never employed defendant Larkin, and, therefore, cannot be held liable under a theory of *respondeat superior*.

In a Response Memorandum in Opposition to Defendants' Motion for Summary Judgment (DE #20), filed on August 5, 2008, Goins claims that, under Indiana's choice-of-law rules, Indiana substantive law applies and that her claims should thereby be recognized by this Court. Goins claims that Werner and Drivers Management waived any right they may have had to the exclusive remedy provision of the Act, and she also claims that there are issues of material fact under parent-subsidiary law as to whether Werner and/or Drivers Management could be liable for the actions of Johnson in the rape and sexual assault of Goins.

On September 12, 2008, Werner and Drivers Management filed a Reply Brief in Support of Motion for Summary Judgment (DE #26) and reasserted their position that the Act is Goins' exclusive remedy. In the alternative, Werner and Drivers Management argue that, under a *lex loci delicti* analysis, South Carolina or Nebraska Worker's Compensation should apply and not Indiana law.

On September 18, 2008, Goins filed a Motion for Leave to File a Sur-Response (DE #28) to further address the jurisdictional issues in general and an affidavit filed with the Defendants' Reply in specific. The Court granted Goins' motion on September 30, 2008 (DE #31), and Goins filed said Sur-Response to Defendants' Reply in

3

Support of Summary Judgment on October 14, 2008 (DE #32). In addition, on that same day, Goins filed a Motion for Oral Arguments as to Defendants' Motion for Summary Judgment (DE #33), claiming that Defendants' motion involves unique issues of waiver and choice of law.

DISCUSSION

At the outset, the Court will address the Motion for Oral Arguments as to Defendants' Motion for Summary Judgment. Pursuant to Local Rule 7.5, the granting of a motion for oral argument is "wholly discretionary with the court." In this matter, Goins was granted leave to file a Sur-Response for purposes of further addressing issues of waiver and choice of law. The Sur-Response, along with the parties' other briefs, provide the Court with adequate guidance in deciding Defendant's Motion for Summary Judgment. Therefore, the Court denies the Plaintiff's Motion for Oral Arguments, and turns to the merits of the Defendants' Motion for Summary Judgment.

Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v.*

4

*Catrett*, 477 U.S. 317, 322-23 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that the movant believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of

5

material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Undisputed Facts

When determining a motion for summary judgment under Local Rule 56.1(b):

> T]he court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

The Court will keep these principles in mind moving forward and notes that, for the most part, the Statement of Genuine Issues filed by Goins does not directly address the Statement of Undisputed Material Facts filed by Werner and Drivers Management. Thus, several uncontroverted facts asserted by Defendants are deemed to be true.

Goins was hired by Drivers Management in November of 2005 to work as a truck driver. (Comp. ¶ 7.) When she was hired, Goins signed a document entitled Consent to State of Nebraska Workers' Compensation ("Consent"). (Franks Aff., DE #18-3 ¶ 19; DE #18-5.) In the Consent, Goins agreed with Drivers Management to be treated as a Nebraska employee, regardless of her residence. (DE #18-5.) The Consent signed by Goins also stipulated that she would be subject to the Act, regardless of where she claimed residence, and that she would waive the jurisdiction of any other state for Workers' Compensation benefits and protections. (*Id.*) Furthermore, the Consent stipulated that, despite the fact that Drivers Management could, for accounting purposes, withhold taxes from her paycheck for other states, Goins would not waive or compromise the Act's jurisdiction over her. (*Id.*)

Drivers Management provides a training program for each of the truck drivers it hires. (Kochenderfer Aff., DE #18-6.) As such, Goins attended orientation and received training in Indianapolis as an over the road truck driver. (Comp. ¶ 8; Ans. ¶ 8.) Each of the new drivers is paired with certified company trainers. (Kochenderfer Aff., DE #18-6.) Defendant Johnson, an employee of Drivers Management, was assigned to Goins to complete her training. (Comp. ¶¶ 10, 11; Ans. ¶¶ 10, 11.) Beginning in the first week of December 2005, Johnson picked up Goins in Indianapolis and drove with her as her trainer. (Ans. ¶ 12; DE #20, p.2.) On or about December 26, 2005, a motel room was rented in South Carolina for

Goins to stay in. (Comp. ¶ 13; Ans. ¶ 13.) Goins stayed at the motel during the period of December 26-30, 2005, as part of her duties as a trainee. (DE #17.) On December 28 and 29, 2005, Johnson and Larkin allegedly raped and sexually assaulted Goins at the motel. (Comp. ¶ 15, DE #17.) Goins was initially treated for her injuries in South Carolina, but she received further medical treatment in Indiana. (Goins Aff., DE #21-4, ¶¶ 16, 19.)

Werner is the parent company of Driver's Management. (Franks Aff., DE #18-3, ¶ 7.) While Drivers Management has employed Johnson and Goins, they have never employed Larkin. (Franks Aff., DE #18-3, ¶ 21.) Werner has never directly employed Johnson, Goins, or Larkin. (Franks Aff., DE #18-3, ¶ 8.) However, Werner is responsible for the administration of workers' compensation coverage for Drivers Management. (Franks Aff., DE #18-3, ¶ 3.)

Goins filed for benefits under the Act on January 9, 2007. (Fridrich Aff., DE #27, ¶ 3.)[1] It is undisputed that, pursuant to the Act and in connection with Goins' initial Nebraska Workers' Compensation claim, Drivers Management paid Goins $5,418.18 in wage replacement and $1,702.05 in medical/mental health expenses as a result of her injuries in connection with the alleged rape and assault. (Franks Aff., DE #18-3, ¶¶ 15, 16; Goins Aff., DE #21-4, ¶ 17.) Drivers Management made its first payment under the Act to

---

[1] Goins argues that Fridrich does not have personal knowledge of the hiring, dispatch and termination procedures of Defendants, an assertion that the Court disagrees with. However, Goins does not argue that he lacked knowledge with regard to the particulars of the Act as applied to Goins.

8

Goins on April 20, 2007. (Fridrich Aff., DE #27, ¶ 5.)

However, almost a year after Goins filed for benefits in Nebraska, through her attorney, she initiated an Indiana Application for Adjustment of Claim based on that same incident, which was filed on December 30, 2007. (LaSalvia Aff., DE #21-10, ¶ 4; DE #21-11.) Approximately one week later, an Indiana First Report of Employee Injury/Illness was completed. (LaSalvia Aff., DE #21-10, ¶ 6; DE #21-13.) On January 9, 2008, Georgia Hartman ("Hartman"), an attorney from the Indianapolis law offices of the Liberty Mutual Group, entered an appearance on behalf of Werner for Goins' Indiana claims adjustment. (LaSalvia Aff., DE #21-10, ¶ 5; DE #21-12.) At the request of Hartman, an evaluation of her injuries was performed on Goins by a psychologist in Indianapolis, and Goins received a mileage check from Liberty Mutual for this appointment. (Goins Aff., DE #21-4, ¶ 19; DE # 21-9; LaSalvia Aff., DE #21-10, ¶ 7; DE #21-14.)

<u>Jurisdiction</u>

A federal court has jurisdiction under 28 U.S.C. Section 1332 when the parties are sitting in diversity. When a claim is based on diversity, the court applies the choice of law rules in the state in which it sits. *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 496-97 (1941). An Indiana choice of law analysis involves multiple inquiries. *Simon v. United States*, 805 N.E.2d 798, 804-5 (Ind. 2004). First, the court must determine whether the differences in

state law are outcome determinative.[2] *Id*. at 805 (*citing Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987)). If the laws conflict, the court applies a traditional *lex loci delicti* analysis. *Id*. Under this analysis, substantive laws of "the state where the last event necessary to make an actor liable for the alleged wrong takes place" apply unless the place of the tort "bears little connection" to the tort. *Id*. If the location of the tort is insignificant to the action, the court should consider other relevant contacts such as: "1) the place where the conduct causing the injury occurred; 2) the residence or place of business of the parties; and 3) the place where the relationship is centered." *Id*.; Restatement (Second) of Conflict of Laws § 145(2) (1971)). "These factors are not an exclusive list nor are they necessarily relevant in every case. All contacts "should be evaluated according to their relative importance to the particular issues being litigated." *Id*.

However, "[a]n express choice-of-law provision will be given effect in the absence of exceptional circumstances showing a purpose to commit a fraud on the law." *Kolentus v. Avco Corp.*, 798 F.2d 949, 955-56 (7th Cir. 1986) (citations and quotation marks omitted)(holding that, because no fraudulent circumstances existed and Indiana did not have any public policy interest which

---

[2] Here, the parties agree that if Nebraska or North Carolina law applies, Goins' claims are barred by the exclusive remedy provisions of the state workers' compensation laws; however, if Indiana law applies, the claim will survive summary judgment.

10

outweighed the parties' express choice of law, the pension plan was to be "construed, regulated and administered" according to New York state law based on the contractual provision set forth in the plan). *See also Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 132 (7th Cir. 1990) ("choice of law provisions of the contract will still apply unless the 'chosen state has no substantial interest' in the litigation or 'application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state'").

The Consent & the Exclusive Remedy Provision of the Act

The Act is "an employee's exclusive remedy against an employer for an injury arising out of and in the course of employment, and as such, payment of workers' compensation benefits relieves the employer of tort liability in connection with an accident." *Ihm v. Crawford & Co.*, 580 N.W.2d 115, 117 (Neb. 1998) (*citing Brown v. American Tel. & Tel.* Co., 560 N.W.2d 482 (1997)). The Act provides:

> When employer and employee shall by agreement, express or implied, or otherwise as provided in [the Act], compensation shall be made for personal injuries to . . . such employee by accident arising out of and in the course of his or her employment . . . in all cases except when the injury or death is caused by willful negligence on the part of the employee. The burden of proof of such fact shall be upon the employer.

11

NEB. REV. STAT. § 48-110 (2007). "Such agreement . . . shall be a surrender by the parties thereto of their rights to any other method, form, or amount of compensation or determination thereof than as provided in [the Act]. . . . NEB. REV. STAT. § 48-111 (2007).

> Read together, these two statutes provide that when an employee sustains an injury that arises out of and in the course of his or her employment and such injury is covered by the Nebraska Workers' Compensation Act, then the employee surrenders his or her right to any other method, form, or amount of compensation or determination thereof for that injury against his or her employer or the workers' compensation insurer.

*Ihm v. Crawford & Co.*, 580 N.W.2d at 118 (Neb. 1998). The Act also provides that "if the employer carries a policy of worker's compensation insurance, the term employer shall also include the insurer." NEB. REV. STAT. § 48-111 (2007). In general, when an employer is covered under a workers' compensation statute which includes an exclusivity provision, the employer is immune from tort liability and is therefore relieved of the risk of large damage verdicts. *Luna v. U.S.*, 454 F.3d 631, 634 (7th Cir. 2006). Employees, on the other hand, receive the benefit of no-fault recovery. *Id.* Finally, the Act provides that once an employee:

> files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement, or submits any question to the Nebraska Workers' Compensation Court under such act, such action shall constitute a release to such employer of

12

>all claims or demands at law, if any, arising from such injury.

NEB. REV. STAT. § 48-148 (2007).  *See also Bennett v. Saint Elizabeth Health Systems*, 729 N.W.2d 80, 83-4 (Neb. 2007).

Werner and Drivers Management argue that summary judgment should be granted in their favor because the Act provides Goins with the sole and exclusive remedy for her injuries, and, therefore, this Court lacks subject matter jurisdiction over Goins' claims. As described above, it must be noted that Defendants' characterization of lack of subject matter jurisdiction is incorrect; the Court does have jurisdiction to decide the issue. However, if it is determined that the Act applies to Goins, then Defendants are immune from liability and summary judgment must be granted. *See Luna*, 454 F.3d at 635; *Doe v. Allied-Signal, Inc.*, 925 F.2d 1007, 1008-09 (7th Cir. 1991) ("a federal court's subject matter jurisdiction is a question of federal law, but a state jurisdictional bar denying a substantive remedy is a denial of a substantive right that the federal court is obligated to follow").

Here, it is undisputed that Goins signed the Consent, which expressly provided that she "waive[d] jurisdiction of any state (other than the State of Nebraska) for Worker' Compensation benefits and protection" and "consent[ed] to jurisdiction of the State of Nebraska for Workers' Compensation coverage and benefits." (DE #18-5.) In general, there are no exceptional circumstances in the present case to render the application of Nebraska law or the

13

Act fraudulent or unreasonable. Also, the parties have not suggested that any Indiana public policy interest outweighs the parties' express choice of law described in the Consent. Thus, if the Consent is deemed valid, Nebraska law, specifically the Act, is applied to the claims described by Goins, and, as such, Defendants are immune from liability and summary judgment must be granted.

However, Goins argues that the consent is invalid because Defendants essentially waived her waiver by their "affirmative conduct" before the Indiana Worker's Compensation Board. The Court does not agree.[3] "Waiver is the intentional relinquishment of a known right, requiring both knowledge of the existence of the right and intention to relinquish it." *City of Crown Point v. Misty Woods Properties, LLC*, 864 N.E.2d 1069, 1079 (Ind. Ct. App. 2007). *See also Jackson v. DeFabis*, 553 N.E.2d 1212, 1218 (Ind. Ct. App. 1990); *Wheat Belt Public Power Dist., v. Batterman*, 452 N.W.2d 49, 53 (Neb. 1990). To establish waiver, "there must be clear, unequivocal, and decisive action of a party showing such a purpose, or acts accounting to estoppel on his part." *Wheat Belt*, 452 N.W.2d at 53.

Here, it is undisputed that Werner filed a first report of injury with the Indiana Workers' Compensation Board after Goins,

---

[3] "While the existence of facts necessary to constitute a waiver of a contract provision is ordinarily a question of fact, the question of the facts necessary to constitute a waiver is a matter of law." *Jackson v. DeFabis*, 553 N.E.2d 1212, 1217 (Ind. Ct. App. 1990) (holding question of waiver proper for summary judgment because action of party was not disputed, and only the inference and legal conclusions to be drawn from the fact were argued).

through her attorney, filed for an adjustment of claims in Indiana. It is further undisputed that Werner had an attorney enter an appearance on its behalf in that matter. Finally, it is undisputed that Goins received a check for $123.20 for mileage related to an initial psychiatric consultation conducted at the request of Werner's attorney. However, the Court does not find these actions equal the "clear, unequivocal, and decisive action" necessary to constitute a waiver or that Defendants had the requisite intent to do so. Other than a check for mileage related to an initial consultation, Goins has provided no evidence to suggest that any additional benefits were paid to Goins by Defendants under Indiana Workers' Compensation. However, it is undisputed that significant benefits were paid to Goins under the Act. Also, appearing in a case and/or responding to an initial claims adjustment does not alone waive a party's jurisdictional arguments. Furthermore, the Court agrees with Defendants that it is significant that jurisdiction was ultimately challenged by Defendants in this civil action, which was filed *before* Goins filed her claim for adjustment in Indiana. Therefore, the Court finds that Defendants did not waive the provisions provided for in the Consent. As such, Defendants are immune from liability under the Act, and summary judgment is granted.

Also, the Court agrees that, as a matter of law, Goins implicitly accepted that the Act applied to her when she was paid by Defendants and received benefits under the Act. Goins filed her

15

initial claim for compensation under the Act, almost a full year before she filed for benefits in Indiana, and both claims were based on the same alleged injuries and occurrences.  She was actually paid by Defendants and received benefits under the Act well before she filed her readjustment claim.  As such, the exclusive remedy provisions of the Act apply to Goins, whether the Defendants waived the Consent or not.  Thus, Defendants are immune from suit, which warrants the grant of summary judgment.  *See Bennett v. Saint Elizabeth Health Systems*, 729 N.W.2d 80, 83-4 (Neb. 2007).

Because the Court has determined that Defendants are immune from suit under the Act, the Court need not conduct a *lex loci delicti* analysis.


CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment (DE #16) is **GRANTED** as to Werner Enterprises, Inc. and Drivers Management LLC, and the Motion for Oral Arguments as to Defendants' Motion for Summary Judgment (DE #33) is **DENIED**.


**DATED:  March 31, 2009**             /s/RUDY LOZANO, Judge
                                       **United States District Court**